463 So.2d 1076 (1985)
Phoebe H. WARREN
v.
BOARD OF REVIEW OF the MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
No. 55415.
Supreme Court of Mississippi.
January 30, 1985.
Max E. Warren, Jr., for appellant.
Fred J. Lotterhos, Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Lee County affirming the denial of the Mississippi Employment Security Commission of unemployment benefits to Phoebe H. Warren.
Before us is the constitutionality of a statute which prohibits payment of unemployment benefits to a wife who leaves the state to accompany her husband: Miss. Code Ann. § 71-5-513(A)(1)(a) (Supp. 1983).
Mrs. Warren was a teacher in the public schools of Lee County. Her husband went into active duty with the United States Army, and he and Mrs. Warren moved to Florida at the end of the 1982-1983 school term. Mrs. Warren had previously signed an employment contract for the subsequent school term.
*1077 The referee denied the benefits based upon this section, the Board of Review of the Commission affirmed, and upon appeal to the Circuit Court of Lee County, the Commission denial was affirmed.
The Commission and circuit judge were of the opinion this statute prohibited benefits.
Miss. Code Ann. § 71-5-513(A)(1)(a) (Supp. 1984), also Chapter 364, Laws of 1983 provides as follows:
71-5-513. A. An individual shall be disqualified for benefits:
(1)(a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, ... provided that marital, filial, and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection. Pregnancy shall not be deemed to be a marital, filial or domestic circumstance for the purpose of this subsection.

LAW
Mrs. Warren does not dispute that under the statute she is denied benefits. Her sole argument is that this statute is unconstitutional. While her argument is interesting, and we agree that there is a division of authority on this question in other jurisdictions, we are persuaded that the act is constitutional.
In Albritton v. City of Winona, 181 Miss. 75 at 96, 178 So. 799 (1938), we stated:
5. In determining whether an act of the Legislature violates the Constitution, the courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears beyond all reasonable doubt to violate the Constitution.
The Commission and circuit judge found that Mrs. Warren's decision to accompany her husband was a "marital, filial or domestic circumstance," and therefore she was ineligible for benefits. We must hold the Legislature is the policymaker in determining whether or not it will deny benefits to persons who make a choice to accompany their spouses to another locality. While hardships may upon occasion arise because of this statute, this does not offend any constitutional guaranty under either the equal protection or due process provisions of our state and federal constitutions.
As we noted, there is a division of authority on this question. See: 21 A.L.R. 4th, Section C.(9) pp. 344-347 and D.(11), pp. 354-356.
Utah has a statute which denies benefits to an employee who leaves work to join a spouse in another locality. Utah Code Ann. § 35-4-5(a) (Supp. 1983). In interpreting this statute, the Utah Supreme Court unanimously held the statute was constitutional. In a decision involving six claimants, Chandler, et al. v. Department of Employment Security, 678 P.2d 315 at 318 (Utah 1984):
It is reasonable for the Legislature to determine, as a matter of policy, that the state need not underwrite the financial risks attendant on such a personal and voluntary choice ... Therefore we hold that this classification, established to deny benefits to those who voluntarily leave work to follow or join a spouse, bears a rational relationship to the legitimate legislative goal of limiting unemployment compensation to those who become unemployed through no fault of their own. Thus, in spite of its unfortunate effects on many families, the classification offends neither the state nor the federal constitution. The holding of the Court is that U.C.A., 1953, § 35-4-5(a) is constitutional.
Likewise, we find Miss. Code Ann. § 71-5-513(A)(1)(a) (Supp. 1984) constitutional.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.